MERRITT, Circuit Judge,
concurring.
I fully concur in Judge Boggs’s disposition of the petitioner’s Rule 26(B) claim. On the ineffective assistance of counsel claim, I concur in the result reached in Judge Boggs’s opinion; but I would hold instead that the petitioner, McClain, loses on the constitutional merits of his ineffective assistance of counsel claim. He loses because in his state court proceeding he asserts that he knew that his two lawyers were debating whether he should take the stand and testify at his murder trial. According to him, they were trying to decide what advice to give him about this question, often a debatable question as here. There he claims that they gave him bad advice. McClain now asserts the opposite, ie., that his lawyers never told him he could take the stand if he wanted to do so. These two factual assertions are directly inconsistent. He is playing games with the court. He had to know that he could take the stand as a result of his lawyer’s discussion of the best strategy in the case and their advice to him not to take the *444 stand. This may not have been good advice, but it is a matter of opinion that lawyers may often disagree about, depending on their view of their client’s personality and other circumstances. Such choices are specifically excluded from the calculation of ineffectiveness of counsel under Strickland v. Washington, 466 U.S. 668, 689-91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Where a federalism issue combining procedural default, “cause and prejudice,” AEDPA, and comity with our state court colleagues is as convoluted and difficult to follow as we have here, I would decide the merits when there has clearly been no constitutional violation in the state court.